IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | )   Cr. No. 07-133 |
| | ) |
| MICHAEL JAKEE BURKES | ) |

## MEMORANDUM OPINION

Pending before the Court is Defendant's Motion to Dismiss Indictment with Prejudice For Lack of Federal Subject Matter Jurisdiction [Doc. 26]. For the reasons set forth below, Defendant's Motion to Dismiss the Indictment against him is denied.

On April 10, 2007, by Indictment, Defendant was charged with violating 18 U.S.C. § 922(g)(1), the federal statute which precludes felons from possessing a firearm. Defendant contends that the Indictment against him must be dismissed with prejudice because "[t]wo Supreme Court cases, *Jones v. United States*, 120 S.Ct. 1904 (2000) and *United States v. Morrison*, 120 S. Ct. 1740 (2000) taken together with an earlier Supreme Court precedent, *United States v. Lopez*, 115 S. Ct. 1624 (1995) suggest that the within statute should be construed as unconstitutional." Defendant's Motion to Dismiss Indictment, p. 2, ¶ 7. Specifically, Defendant argues:

> the *Lopez* trilogy has reestablished the basic constitutional proposition that the Founders did not cede to congress a general police power. Rather, the regulation of punishment of intrastate violence that is not directed at the instrumentalities, channels, or goods involved in interstate commerce has always been the province of the states. Therefore, the federal regulation directed at interstate violence must be regulation of a sort of activity affecting interstate commerce.
>
> Such activity affecting interstate commerce is not present here, and as such, this prosecution must fail for lack of subject matter jurisdiction.

Id. at pp. 2-3.

It is well settled law in this circuit that 18 U.S.C. § 922(g)(1) is a constitutional exercise of Congress' Commerce Clause powers. See United States v. Singletary, 268 F.3d 196, 205 (3d Cir. 2001), cert.den'd, 535 U.S. 976 (2002) (after considering the effect of the United States Supreme Court decisions in, *inter alia*, Jones v. United States, 120 S.Ct. 1904 (2000, United States v. Morrison, 120 S. Ct. 1740 (2000), and United States v. Lopez, 115 S. Ct. 1624 (1995), appellate court held that "proof . . . that the gun had traveled in interstate commerce, at some time in the past, was sufficient to satisfy the interstate commence element [of 18 U.S.C. §922(g)]."). See also United States v. Coward, 296 F.3d 176, 183-84 (3d Cir. 2002) (same). Accordingly, Defendant's Motion to Dismiss Indictment with Prejudice For Lack of Federal Subject Matter Jurisdiction must be denied.

August 20, 2007

*/s/ Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) Cr. No. 07-133 |
| | ) |
| MICHAEL JAKEE BURKES | ) |

### ORDER

AND NOW, this 20th day of August, 2007, it is hereby ORDERED, ADJUDGED, AND DECREED that Defendant Michael Jakee Burkes's Motion to Dismiss Indictment with Prejudice For lack of Federal Subject Matter Jurisdiction [Doc. 26] is DENIED.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior District Court Judge